**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **PHILLIP DIXON**  Petitioner  v.  **UNITED STATES OF AMERICA,**  Respondent | Civil Action No. 19-21444(RMB)  OPINION |

**BUMB,** United States District Court

Petitioner Phillip Dixon is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Petitioner filed a self-styled "Commercial Affidavit," alleging violations of his constitutional rights in obtaining his conviction and sentence. (ECF No. 1.) Petitioner also filed an application to proceed without prepayment of filing fees (IFP App., ECF No. 1-1), which establishes his financial eligibility to proceed *in forma pauperis* under 28 U.S.C. § 1915, and his application will be granted. Because his Petitioner is seeking relief from his conviction in his district of confinement rather than from his sentencing court, the Court construes Petitioner's Affidavit as a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Bruce v. Warden Lewisburg USP, 868 F.3d 170 (3d Cir. 2017) (defining circumstances under which prisoner can bring

petition under 28 U.S.C. § 2241 to challenge conviction and sentence).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court will dismiss the § 2241 petition for lack of jurisdiction.

I. PETITIONER'S AFFIDAVIT

Petitioner alleges he was convicted in absence of jurisdiction based on a faulty arrest report, and he further challenges various aspects of Drug Lab Report used to sentence him. (Petr's Aff., ECF No. 1.) Petitioner provided the following Case Number, 3:13-cr-00042-TBS-DMS, which this Court has determined to represent a case brought by the United States against Petitioner in the District of Alaska, and the Court takes judicial notice of the docket in Petitioner's criminal action.[1] See Orabi v. Attorney General of the U.S., 738 F.3d 535, 537 n.1 (3d Cir. 2014) (a court may take judicial notice of another court's docket).

---

[1] The docket is available through PACER, the U.S. Courts' public access to electronic records, at www.PACER.gov.

Petitioner was indicted on April 16, 2013, in the District of Alaska, for drug conspiracy; distribution of controlled substances, heroin and methamphetamine; money laundering conspiracy; and money laundering, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) and (B), (C); and 18 U.S.C. §§ 1956, 1956 (a)(1)(B)(i). U.S. v. Dixon, 13-cr-42 (D. Ala., Indictment, ECF No. 1.) A First Superseding Indictment was filed against Petitioner on May 23, 2013. (Id., First Superseding Indictment, ECF No. 95.)

Petitioner pled guilty to Counts 1 and 25 of the First Superseding Indictment; the Government dismissed the remainder of the counts, and judgment was entered on February 1, 2016. (Id., Judgment, ECF No. 613.) Petitioner was sentenced to an 180-month term of imprisonment with a 5-year term of supervised release. (Id.)

Petitioner filed a Notice of Appeal on March 14, 2016. (Id., Notice of Appeal, ECF No. 624.) On February 1, 2017, the Ninth Circuit Court of Appeals dismissed Petitioner's appeal, based on his valid appeal waiver. (USCA Order and Mandate, ECF Nos. 675, 676.) On March 3, 2017, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the District of Alaska. (2255 Mot., ECF No. 677.) The District Court denied Petitioner's § 2255 motion on December 17, 2018. (Order, ECF No. 726.)

II. DISCUSSION

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce, 868 F.3d 170 at 178. [A] federal prisoner may resort to § 2241 only if he can establish that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Id. (quoting 28 U.S.C. § 2255(e)). Thus, under very limited circumstances, a petitioner can invoke the savings clause of 28 U.S.C. § 2255(e) to bring a motion challenging his conviction and sentence in the district of confinement under § 2241. The Third Circuit explained,

> [o]ur Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*U.S. v.* ] *Tyler*, 732 F.3d at 246 [3d Cir. 2013] (quoting [*In re*] *Dorsainvil*, 119 F.3d 245 [at 252) [3d Cir. 1997]. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.*

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Petitioner has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive

4

in cases on collateral review. Petitioner pled guilty and waived his right to direct appeal, and his § 2255 motion was denied in his sentencing court. A prisoner may not use § 2241 to challenge his conviction or sentence, simply because his § 2255 motion was unsuccessful. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief….") Petitioner has not satisfied the requirements necessary to challenge his conviction and sentence in a § 2241 petition through the savings clause of § 2255.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the § 2241 petition for lack of jurisdiction.

Date: February 6, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**